USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA,

            Plaintiff,

    - v -

FUNDS ON DEPOSIT IN ANY AND ALL U.S.
INTERBANK ACCOUNTS MAINTAINED AT
BANK OF AMERICA BY THE BANK OF
NEVIS INTERNATIONAL, FEDERATION OF
ST. KITTS & NEVIS, UP TO AND INCLUDING
THE AMOUNT OF $6,900,000.00,
REPRESENTING FUNDS DEPOSITED INTO
THE BANK OF NEVIS IN THE NAME OF
MILLENNIUM FINANCIAL, LTD.,

            Defendant in rem.
------------------------------------x

ANTICIPATORY
ARREST WARRANT IN REM

08 Civ. 5505 (LAP)

**WARRANT FOR ARREST OF PROPERTY AND ORDER FOR NOTICE**

      WHEREAS, on June 18, 2008, the United States filed a complaint, verified by Supervisory Special Agent Douglas Leff of the Federal Bureau of Investigation, alleging that the above-captioned funds are subject to civil forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 981(k)(1)(A) as property constituting or derived from proceeds traceable to wire fraud, in violation of 18 U.S.C. § 1343, and as property involved in or traceable to money laundering transactions occurring in the United States, in violation of 18 U.S.C. § 1956; and

      WHEREAS, the Court has reviewed the verified complaint and finds, in accordance with Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims, that the verified complaint

alleges probable cause that the defendant in rem is subject to seizure and forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 981(k)(1)(A), and 1323 as property constituting or derived from proceeds traceable to wire fraud, and pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(k)(1)(A), and 1956 as property involved in or traceable to money laundering transactions occurring in the United States, and property traceable to such property; and

WHEREAS, Bank of Nevis International ("BONI") has a correspondent bank account at Bank of America in New York, New York; and

WHEREAS, on December 6, 2002, the court in SEC v. Millennium Financial Ltd., 02 Civ. 3901, signed an order (the "December 6, 2002 Order") appointing Thomas W. McNamara as the Receiver of Millennium Financial Ltd. ("Millennium") with full powers of an equity receiver, including the power to "take and retain immediate possession, custody and control of all assets, property, and the books and records of Millennium...." and the power to "acquire and retain all rights and powers which Millennium has to . . . manage, control, operate and maintain its businesses"; and

WHEREAS, the Complaint alleges probable cause that Ian Scott has attempted to misappropriate funds from Millennium's account at BONI (the "Millennium Account"), notwithstanding the

December 2, 2006 Order appointing McNamara as the Receiver of Millennium; and

WHEREAS, on August 7 and August 8, 2006, the Court in <u>SEC v. Millennium Financial Ltd.</u>, 02 Civ. 3901, ordered, in part, (1) that BONI turn over to the Receiver all monies in BONI's possession or control which represent assets of the Receivership, (2) that sufficient assets of BONI be frozen at its correspondent account at Bank of America until it complied with the order, and (3) that Bank of America deliver a check made payable to the Receiver in the amount of $1,165,000 if BONI failed to comply with the order (the "August 7, 2006 and August 8, 2006 Orders"); and

WHEREAS, pursuant to the August 7, 2006 and August 8, 2006 Orders, Bank of America subsequently transferred funds from BONI's correspondent bank account to the Receiver; and

WHEREAS, the Receiver has represented to the Government that he will return to Bank America monies that the Receiver received from Bank of America, pursuant to the August 7, 2006 and August 8, 2006 Orders, from BONI's correspondent bank account(s);

NOW, THEREFORE, IT IS ORDERED that:

1. Pursuant to Rule G(3)(B)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of this Court is hereby directed to forthwith issue a Warrant for the Arrest of the defendant <u>in rem</u>, directing the Federal Bureau of Investigation or any other federal law enforcement officer to

arrest the defendant in rem, provided that such property may be seized only after the Receiver has returned to Bank America monies that the Receiver received from Bank of America, pursuant to the August 7, 2006 and August 8, 2006 Orders, from BONI's correspondent bank account(s). The seizing agency shall make return thereon and take the defendant in rem into custody pending further order of this Court.

    2. Subsequent to the execution of the process as aforesaid, pursuant to Rule G(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the United States shall issue public notice of this action and of the arrest of defendant in rem, which notice shall be published once per week for three consecutive weeks in the New York Law Journal, a newspaper of general circulation in this District where the action is filed, and once per week for three consecutive weeks in a newspaper of general circulation in St. Kitts and Nevis. Such notice shall specify the time within which a claim and answer must be filed as required by Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

Dated: New York, New York
       July 22, 2008

                      SO ORDERED:

                      _____
                      HONORABLE LORETTA A. PRESKA
                      UNITED STATES DISTRICT JUDGE
                      SOUTHERN DISTRICT OF NEW YORK