UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08 Civ. 5505 (LAP) |
| Plaintiff, | |
| v. | |
| FUNDS ON DEPOSIT IN ANY AND ALL U.S. INTERBANK ACCOUNTS MAINTAINED AT BANK OF AMERICA BY THE BANK OF NEVIS INTERNATIONAL, FEDERATION OF ST. KITTS & NEVIS, UP TO AND INCLUDING THE AMOUNT OF $6,900,000.00, REPRESENTING FUNDS DEPOSITED INTO THE BANK OF NEVIS IN THE NAME OF MILLENNIUM FINANCIAL, LTD., | CLAIM OF BANK OF NEVIS INTERNATIONAL |
| Defendant *in rem*. | |

_____

Pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and under the penalty of perjury, claimant Bank of Nevis International ("BONI"), by its attorneys, Levi Lubarsky & Feigenbaum LLP, hereby makes claim to the defendant property, and specifically to the funds on deposit in any and all United States interbank accounts maintained by BONI at Bank of America.[1]

A.   The Nature of and Basis for BONI's
     Claim to the Defendant Property

BONI makes claim to the defendant property because, if the funds at issue are forfeited to plaintiff (the "United States" or the "Government"), BONI will be at risk of having

---

[1] In fact, the interbank account at Bank of America that is the subject of this forfeiture action is maintained not by BONI, but rather by Bank of Nevis Ltd., of which BONI is a wholly-owned subsidiary. Although that fact gives rise to an independent defense to the action (as will be asserted in BONI's answer), for the sake of simplicity, we refer to BONI throughout this claim as if it were the owner of the account.

to pay its own monies as partial compensation for an alleged investment fraud scheme in which BONI was not involved. That alleged scheme was orchestrated by Millennium Financial, Ltd. ("Millennium"), a defunct brokerage firm that established various overseas bank accounts into which it deposited funds that it is said to have fraudulently obtained from investors in the United States and elsewhere. One such Millennium bank account was at BONI in Nevis, and $1,313,765.97 remains in that account as of the time of this claim. Under Nevis law, the funds in that account are deemed a debt owed by BONI to Millennium.

By its forfeiture action, the Government seeks to have forfeited to it funds that BONI maintains in the United States at its interbank account at Bank of America. Although Millennium never deposited any funds into that interbank account, the Government alleges that the funds are still subject to forfeiture under 18 U.S.C. § 981(k)(1)(A) because, it says, they are "deemed" under that statute to have been deposited there by Millennium. Yet at the same time, a former director of Millennium, Ian A. Scott ("Scott"), has pending an action against BONI in the Eastern Caribbean Supreme Court in Nevis, entitled <u>Millennium Financial Ltd. v. Bank of Nevis Int'l Ltd.</u>, Claim No. NEVHCV2008/0020 (St. Christopher & Nevis), in which he seeks to obtain the funds still held in the Millennium account at BONI in Nevis. If Scott prevails in that action, and if the Government prevails in the forfeiture action, then BONI will in effect have had to pay more than $1.3 million of its own monies for a scheme that it had nothing to do with.

B.   The History of the Litigations in the United States and Nevis Involving
     the Defendant Property and Millennium's Account at BONI in Nevis

The history of recent litigations involving Millennium and the defendant property helps put BONI's claim to the defendant property in perspective and underscores the risk that BONI faces.

On or about May 16, 2002, the Securities and Exchange Commission ("SEC") commenced an action against Millennium in this Court entitled <u>Securities and Exchange Commission v. Millennium Financial, Ltd.</u>, Docket No. 02-CV-3901, which is still pending. On May 22, 2002, this Court (Judge Michael B. Mukasey) issued a temporary restraining order and freeze on Millennium's assets. Two weeks later, on or about June 6, the Court issued a preliminary injunction incorporating that asset freeze. Ultimately, on December 15, 2005, the Court entered a final judgment holding Millennium liable to the SEC in the amount of $20,264,177.

Shortly after the SEC commenced its action, Judge Mukasey entered an order dated December 6, 2002 appointing Thomas W. McNamara as the Receiver for Millennium. That order granted the Receiver, among other things, the power to preserve and take possession of Millennium's assets for eventual distribution to the company's aggrieved investors. On May 17, 2002, at the request of the Director of Public Prosecutions ("DPP") in St. Kitts and Nevis, which was working with the United States Department of Justice pursuant to the United States and Saint Kitts and Nevis Treaty on Mutual Legal Assistance in Criminal Matters, the Eastern Caribbean Supreme Court in St. Kitts entered an order freezing the funds in Millennium's account at BONI. That freeze was extended every six months at the DPP's request and remained in effect for more than four years.

In May 2006, the DPP, working with the Receiver's local counsel, filed a petition with the Eastern Caribbean Supreme Court to have Millennium's funds forfeited and transferred to the Receiver. By order dated June 30, 2006, however, the court denied the petition, holding that the DPP had failed to file the forfeiture petition on time. The June 30 order also lifted the freeze on Millennium's account at BONI.

Immediately thereafter, or about July 13, 2006, Scott, purporting to be a lawful representative of Millennium, applied to the High Court in St. Kitts for an order directing BONI to release to Millennium the funds in the Millennium account. At a July 21, 2006 hearing on that application, the High Court granted the application and entered an order of that date directing that "the Respondent [BONI] forthwith release the funds [in the amount of $1,313,765.97] held in account no. 8290220 held at its Bank in the name of the Applicant [Millennium] to the holder of the said account, Millennium Financial Ltd." The order further threatened to hold BONI in contempt of court if BONI failed to comply with the terms of the order. BONI believed it had no choice but to comply with the order and sent a check in the requisite amount, made payable to Millennium, to Scott's local counsel on July 25, 2006. As it happened, Scott chose not to negotiate the check, and his attorney, to whom the check had been delivered, returned it to BONI and asked that it be reissued drawn on a local bank. BONI maintained that the check was valid and declined to reissue it, so the funds in Millennium's account at BONI remain at the bank. But Scott, as noted, still lays claim to the funds and commenced his new action earlier this year to obtain the funds.

Meanwhile, on August 6, 2006, after learning of Scott's actions at that time in Nevis, the Receiver made an <u>ex parte</u> application before Judge Mukasey for an order (i) directing BONI to transfer to the Receiver, by August 10, 2006, the same $1,165,000 from Millennium's account at BONI; and (ii) if BONI did not make that transfer, directing BONI's United States correspondent bank, which the Receiver then believed was ABN-AMRO Bank, to transfer that amount to the Receiver, within seven days after the August 10 deadline, from BONI's own account at the correspondent bank. By order dated August 7 and entered on August 8, the Court granted that application. On August 8, after learning that Bank of America, not ABN-AMRO,

- 4 -

was BONI's current United States correspondent bank, the Receiver immediately made a second ex parte application to the Court, this time to direct that Bank of America transfer to him the funds in BONI's account at Bank of America in the event BONI did not transfer funds from Millennium's account at BONI. By order dated August 8 and entered on August 15, the District Court granted that application.

Because it was subject to the prior June 30 and July 21 orders of the court in Nevis, BONI was unable itself to comply with either of Judge Mukasey's August orders. As compelled by the August 8 order, Bank of America eventually transferred to the Receiver, at some time in mid-August, $1,165,000 from BONI's account there. On August 28, the Receiver applied to Judge Mukasey for an order directing that an amount equal to the remaining funds in Millennium's account at BONI, of approximately $148,000, be transferred to him. That application, too, was granted.

Because the funds transferred by Bank of America to the Receiver were BONI's, not Millennium's, the transfers caused BONI financial harm. At the end of August, BONI applied to Judge Mukasey to vacate his August 7, 2006 and August 8, 2006 orders, and also filed an appeal from those orders with the United States Court of Appeals for the Second Circuit. BONI's application is still pending, and its appeal has been held in abeyance until after the application has been decided.

Both the application and the appeal may now be moot, however, by virtue of the Court's July 22, 2008 order in this action issuing an arrest warrant against the defendant property. Although the property cannot be seized by the Government until the Receiver has returned the funds to Bank of America, he is expected to do so in the near future. The funds will then be held in custody until after the forfeiture action has been resolved, and BONI will remain

exposed to the possible loss of the funds without reimbursement from the funds now held in the Millennium account in Nevis.

C.      Conclusion

BONI has no allegiance to Millennium and no desire to impede efforts to provide redress to investors who may have been victimized by Millennium's investment scheme. But BONI itself is an innocent party that had nothing to do with that scheme other than to have been one of the banks at which Millennium deposited funds it is alleged to have unlawfully obtained. Those funds remain at BONI in Nevis, and Scott still seeks to have them turned over to him. Allowing the Government to seize the defendant property therefore creates the very real risk that BONI will be unfairly penalized by having to forfeit its own funds, not Millennium's, to the Government to compensate Millennium's investors. BONI thereby has a valid claim to the defendant property.

Dated: July 29, 2008

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
    Steven B. Feigenbaum
1185 Avenue of the Americas, 17th Floor
New York, New York  10036
(212) 308-6100
Attorneys for Claimant Bank of Nevis International

BANK OF NEVIS INTERNATIONAL

By: _____
    Aiandra E. Knights LL.B
    General Counsel and Corporate
    Secretary

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

           Plaintiff,

   v.

FUNDS ON DEPOSIT IN ANY AND ALL U.S.
INTERBANK ACCOUNTS MAINTAINED AT
BANK OF AMERICA BY THE BANK OF NEVIS
INTERNATIONAL, FEDERATION OF ST. KITTS &
NEVIS, UP TO AND INCLUDING THE AMOUNT
OF $6,900,000.00, REPRESENTING FUNDS
DEPOSITED INTO THE BANK OF NEVIS IN THE
NAME OF MILLENNIUM FINANCIAL, LTD.,

           Defendant *in rem*.

No. 08 Civ. 5505 (LAP)

---

## CERTIFICATE OF SERVICE

    I, Adam D. Weiss, hereby certify that on July 30, 2008, I caused a true and correct copy of the Claim of Bank of Nevis International to be served upon the following by first class mail, postage prepaid, and by electronic mail:

Anna E. Arreola, Esq.
Assistant United States Attorney
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
anna.arreola@usdoj.gov

Dated: New York, New York
       July 30, 2008

                                                                            Adam D. Weiss