Steven B. Feigenbaum
LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 308-6100
Attorneys for Claimant The Bank of Nevis
International Limited

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                                     No. 08 Civ. 5505 (LAP)

                Plaintiff,

      v.

FUNDS ON DEPOSIT IN ANY AND ALL U.S.                          ANSWER
INTERBANK ACCOUNTS MAINTAINED AT
BANK OF AMERICA BY THE BANK OF NEVIS
INTERNATIONAL, FEDERATION OF ST. KITTS &
NEVIS, UP TO AND INCLUDING THE AMOUNT
OF $6,900,000.00, REPRESENTING FUNDS
DEPOSITED INTO THE BANK OF NEVIS IN THE
NAME OF MILLENNIUM FINANCIAL, LTD.,

                Defendant *in rem*.
_____

        Pursuant to Rule G(5)(b) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, claimant The Bank of Nevis International Limited ("BONI"), by its attorneys, Levi Lubarsky & Feigenbaum LLP, for its answer to the complaint of the United States of America (the "Government"), alleges as follows:

        1.     Admits that BONI is located in the Caribbean Federation of St. Kitts and Nevis, and that some amount of funds was deposited into an account at BONI held in the name of Millennium; and denies that it has an interbank account in the United States at Bank of

America or any other bank, though admits that its parent company, Bank of Nevis Ltd. ("BON"), has such an account. The remaining allegations in paragraph 1 of the complaint state legal conclusions to which no response is required.

2.      The allegations in paragraph 2 of the complaint state legal conclusions to which no response is required.

3.      Admits the allegations in paragraph 3 of the complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint.

5.      Admits the allegations in paragraph 5 of the complaint, except denies that BONI, as distinct from BON, has an interbank account at Bank of America; denies knowledge or information sufficient to form a belief as to the truth of the allegation that the funds deposited by Millennium at BONI were derived from a wire fraud and money laundering scheme; and denies any allegation implying that up to $6.9 million is currently on deposit at the Millennium account at BONI.

6.      The allegations in paragraph 6 of the complaint state legal conclusions to which no response is required.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint, except admits that Millennium deposited funds into an account at BONI held in Millennium's name.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint, except admits that Millennium deposited funds into an account at BONI held in Millennium's name, and denies any allegation implying that $6.9 million or more is currently on deposit in the Millennium account at BONI.

13. Admits that the Securities and Exchange Commission ("SEC") commenced a civil enforcement action in May 2002 against Millennium in the United States District Court for the Southern District of New York, and refers to the complaint in that action for the SEC's specific allegations against Millennium.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint, except admits that a final judgment was entered in the SEC's civil enforcement action.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint, except admits that the court in the SEC's civil enforcement action entered an order appointing Thomas W. McNamara as Receiver of Millennium.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint.

17.     Admits that the court in the SEC's civil enforcement action ordered Bank of America in August 2006 to transfer $1,165,000 to the Receiver, though denies that the correspondent bank account was BONI's, as distinct from BON's; denies knowledge or information sufficient to form a belief as to the allegation of what prompted the order; admits that Ian Scott ("Scott") asked BONI to transfer funds from the Millennium account in Nevis; admits that BONI sought direction from the court in Nevis in response to Scott's request; admits that, by order dated July 21, 2006, the Eastern Caribbean Supreme Court directed BONI to release funds in the Millennium account to Millennium, that BONI subsequently delivered to Scott's counsel a check made payable to Millennium, and that the check was never negotiated; admits that, in August 2006, the Receiver filed an <u>ex parte</u> application in the SEC's civil enforcement action, and that the court granted that application by orders dated August 7 and August 8, 2006; admits that Bank of America delivered $1,165,000 to the Receiver; admits that the Receiver filed a supplemental application for an additional $148,000, that BONI filed a cross-application to vacate the August 7 and 8 orders, and that its cross-application is still pending; denies knowledge or information sufficient to form a belief as to the truth of the allegations that the Receiver intends to return the funds received from Bank of America to the Government; and denies those allegations that BONI "failed" to or "did not" comply with the August 7 and 8, 2006 orders or any other court order.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint, except admits that a criminal information was filed against Millennium in the United States District Court for the Southern District of California, and refers to the information for its specific allegations against Millennium.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the complaint.

25. Admits that Rodney Scott Sheyhn was indicted by a grand jury sitting in the Southern District of California, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the complaint.

26. Admits that Scott and Baudin Noel Antoon Hayen ("Hayen") were indicted by a grand jury sitting in the Southern District of California, and that the indictment was recently unsealed; and refers to the indictment for its specific charges against Scott and Hayen.

27. The allegations in paragraph 27 of the complaint state legal conclusions to which no response is required.

28. Denies that BONI maintains an interbank account at Bank of America in New York City, though admits that its parent company, BON, maintains such an account; the

remaining allegation in paragraph 28 of the complaint states a legal conclusion to which no response is required.

WITH RESPECT TO THE FIRST CLAIM FOR FORFEITURE

29. In response to paragraph 29 of the complaint, BONI repeats its responses to paragraphs 1 through 28 of the complaint as though fully set forth herein.

30. The allegations in paragraph 30 of the complaint state legal conclusions to which no response is required.

31. The allegations in paragraph 31 of the complaint state legal conclusions to which no response is required.

32. Denies the allegations in paragraph 32 of the complaint.

WITH RESPECT TO THE SECOND CLAIM FOR FORFEITURE

33. In response to paragraph 33 of the complaint, BONI repeats its responses to paragraphs 1 through 28 of the complaint as though fully set forth herein.

34. The allegations in paragraph 34 of the complaint state legal conclusions to which no response is required.

35. The allegations in paragraph 35 of the complaint state legal conclusions to which no response is required.

36. Denies the allegations in paragraph 36 of the complaint.

WITH RESPECT TO THE THIRD CLAIM FOR FORFEITURE

37. In response to paragraph 37 of the complaint, BONI repeats its responses to paragraphs 1 through 28 of the complaint as though fully set forth herein.

38. The allegations in paragraph 38 of the complaint state legal conclusions to which no response is required.

39. The allegations in paragraph 39 of the complaint state legal conclusions to which no response is required.

40. Denies the allegations in paragraph 40 of the complaint.

WITH RESPECT TO THE FOURTH CLAIM FOR FORFEITURE

41. In response to paragraph 41 of the complaint, BONI repeats its responses to paragraphs 1 through 28 of the complaint as though fully set forth herein.

42. The allegations in paragraph 42 of the complaint state legal conclusions to which no response is required.

43. The allegations in paragraph 43 of the complaint state legal conclusions to which no response is required.

44. Denies the allegations in paragraph 44 of the complaint.

FIRST AFFIRMATIVE DEFENSE

45. The complaint fails to state a claim on which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

46. The interbank account at Bank of America that is the subject of the Government's claims for forfeiture is held by BON (Bank of Nevis, Ltd.), the parent company of BONI, and not by BONI. Accordingly, the funds in that account have no connection to the funds deposited by Millennium into an account at BONI in Nevis and are therefore immune from forfeiture under 18 U.S.C. § 981(k).

THIRD AFFIRMATIVE DEFENSE

47. Although neither BON nor BONI ever had or are alleged to have had anything to do with the unlawful conduct in which Millennium is alleged to have engaged, the forfeiture of the defendant in rem -- funds that were held by BON at its U.S. correspondent bank,

Bank of America -- creates the risk that BON and BONI will be unfairly penalized for wrongs committed by Millennium. That risk stems from the pendency of an action brought by Millennium, acting through Ian Scott, against BONI in the Eastern Caribbean Supreme Court in Nevis, entitled <u>Millennium Financial Ltd. v. Bank of Nevis Int'l Ltd.</u>, Claim No. NEVHCV2008/0020 (St. Christopher & Nevis) (the "Nevis Action"), in which Millennium seeks to obtain the funds still held in the Millennium account at BONI in Nevis. Under Nevis law, the funds in that account are deemed a debt owed by BONI to Millennium. After the Nevis Action was commenced, BONI interpleaded the Millennium Receiver (Thomas W. McNamara), seeking an adjudication from the Nevis court as to whether the Receiver or Scott has the better right to represent Millennium in claiming the funds in the Millennium account. As of the time of this answer, BONI's interpleader action in Nevis is still pending.

48.   If Millennium prevails in the Nevis Action, in which case Scott will ultimately receive the funds in the Millennium account at BONI, and if the Government prevails in this action, then BONI will have had to pay more than $1.3 million of its own monies for a scheme that it had nothing to do with. Interests of justice accordingly require that the funds that are the subject of this action not be forfeited until and unless (i) there has been a final adjudication in Nevis, not subject to appeal, that Scott has no right to represent Millennium in the Nevis courts to obtain the monies in the Millennium account at BONI, and that only the Receiver has any such right; and (ii) the Receiver has formally waived the exercise of that right so that BONI, to avoid any penalty, can use the monies in the Millennium account to reimburse BON, in effect, for the monies in BON's interbank account at Bank of America that will have been forfeited to the Government.

FOURTH AFFIRMATIVE DEFENSE

49. The funds that the Government seeks to have forfeited belong to BON, the parent of BONI, not to Millennium, and the forfeiture of those funds would as a result be so excessive and punitive relative to BON and/or BONI that it would violate the Eighth Amendment of the U.S. Constitution.

FIFTH AFFIRMATIVE DEFENSE

50. BON and/or BONI is an innocent "owner" of the funds, within the meaning of 18 U.S.C. § 981(k), that the Government seeks to have forfeited.

SIXTH AFFIRMATIVE DEFENSE

51. To the extent the Government seeks the forfeiture of funds at Bank of America in an amount of up to $6.9 million -- an amount that far exceeds the current balance, of approximately $1.3 million, in the account at BONI held in Millennium's name -- BONI has discharged its obligation as to those excess funds, thereby rendering the funds immune from forfeiture under 18 U.S.C. § 981(k).

SEVENTH AFFIRMATIVE DEFENSE

52. The Government's claims for forfeiture are barred by the applicable statute of limitations.

EIGHTH AFFIRMATIVE DEFENSE

53. The Government's claims for forfeiture are barred by the doctrine of laches.

WHEREFORE, BONI requests judgment against plaintiff as follows:

a. Dismissing the complaint with prejudice;

b. Awarding BONI its attorneys' fees and costs; and

    c.  Granting BONI such other and further relief as the Court deems appropriate under the circumstances.

Dated:  New York, New York
     August 12, 2008

               LEVI LUBARSKY & FEIGENBAUM LLP

               By: _____
                 Steven B. Feigenbaum
               1185 Avenue of the Americas, 17th Floor
               New York, New York  10036
               (212) 308-6100
               Attorneys for Claimant The Bank of Nevis
               International Limited

TO:  Anna E. Arreola, Esq.
    Assistant United States Attorney
    United States Attorney
    Southern District of New York
    One St. Andrew's Plaza
    New York, New York 10007
    (212) 637-2218
    Attorney for Plaintiff United States
    of America

LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 308-6100
Attorneys for Claimant The Bank of Nevis
International Limited

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08 Civ. 5505 (LAP) |
| Plaintiff, | |
| v. | |
| FUNDS ON DEPOSIT IN ANY AND ALL U.S. INTERBANK ACCOUNTS MAINTAINED AT BANK OF AMERICA BY THE BANK OF NEVIS INTERNATIONAL, FEDERATION OF ST. KITTS & NEVIS, UP TO AND INCLUDING THE AMOUNT OF $6,900,000.00, REPRESENTING FUNDS DEPOSITED INTO THE BANK OF NEVIS IN THE NAME OF MILLENNIUM FINANCIAL, LTD., | CERTIFICATE OF SERVICE |
| Defendant *in rem*. | |

_____

        The undersigned hereby certifies that on August 13, 2008 a copy of the foregoing Answer was served upon the following by first class mail:

        Anna E. Arreola, Esq.
        Office of the United States Attorney
        Southern District of New York
        One St. Andrew's Plaza
        New York, New York 10007
        Attorney for Plaintiff United States of America

Dated: New York, New York
       August 13, 2008

                              s/Walter E. Swearingen
                              Walter E. Swearingen