USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/19/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

UNITED STATES OF AMERICA,

Plaintiff,

-v.-

FUNDS ON DEPOSIT IN ANY AND ALL U.S. INTERBANK ACCOUNTS MAINTAINED AT BANK OF AMERICA BY THE BANK OF NEVIS INTERNATIONAL, FEDERATION OF ST. KITTS & NEVIS, UP TO AND INCLUDING THE AMOUNT OF $6,900,000.00, REPRESENTING FUNDS DEPOSITED INTO THE BANK OF NEVIS IN THE NAME OF MILLENNIUM FINANCIAL, LTD.,

Defendant *in rem*

------------------------------x

STIPULATION AND ORDER

08 Civ. 5505 (LAP)

WHEREAS, on June 18, 2008, plaintiff United States of America (the "Government") commenced this action by filing a verified complaint (the "Complaint"), alleging that the above-captioned funds are subject to civil forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 981(k)(1)(A) as property constituting or derived from proceeds traceable to wire fraud, in violation of 18 U.S.C. § 1343, and as property involved in or traceable to money laundering transactions occurring in the United States, in violation of 18 U.S.C. § 1956;

WHEREAS, claimant Bank of Nevis International Limited ("BONI") is located in the Caribbean Federation of St.

Christopher and Nevis ("St. Kitts/Nevis");

WHEREAS, claimant The Bank of Nevis Limited ("BON") has an interbank account in the United States at Bank of America (the "Interbank Account");

WHEREAS, until late July 2006, Millennium Financial, Ltd. ("Millennium") had a non-interest bearing account in its name at BONI in St. Kitts/Nevis (the "Millennium Account");

WHEREAS, the Millennium Account was closed on July 25, 2006 in connection with legal proceedings involving Millennium that took place in St. Kitts/Nevis, and the funds in the account, which then had a current balance of approximately $1,313,765.97, were subsequently transferred to a general ledger account at BON at which they have been held on Millennium's behalf to this day;

WHEREAS, the Complaint seeks forfeiture of the funds in the Interbank Account, up to the amount of funds held by BONI on behalf of Millennium;

WHEREAS, in May 2002, the Securities and Exchange Commission ("SEC") brought an action against Millennium in the United States District Court for the Southern District of New York, SEC v. Millennium Fin., Ltd., et al., No. 02 Civ. 3901 (LAP) (S.D.N.Y.) (the "SEC Civil Enforcement Action"), alleging,

among other things, that since October 2000, Millennium operated a world-wide scheme to defraud investors through the offer and sale of purported pre-IPO stock on the basis of false and misleading statements;

WHEREAS, on or about May 16, 2002, at the request of the Director of Public Prosecutions in Nevis (the "DPP"), which had received a request from the United States pursuant to the Mutual Legal Assistance in Legal Matters Treaty between the United States and St. Christopher and Nevis, the Eastern Caribbean Supreme Court in St. Christopher and Nevis (the "Nevis Court") entered an order freezing the funds in the Millennium Account, a freeze that remained in effect for more than four years;

WHEREAS, on December 6, 2002, the court in the SEC Civil Enforcement Action signed an order (the "Receiver Order") appointing Thomas W. McNamara as receiver (the "Receiver") of Millennium with full powers of an equity receiver, including the power to "take and retain immediate possession, custody and control of all assets . . . of Millennium" and "the power to assert all claims and interests that Millennium . . . may have in any money, assets, funds, securities, and real or personal property in Millennium's name . . . including but not limited to

all funds in Millennium's account at [BONI]";

WHEREAS, in February 2004, a 13-count criminal Information, No. 04 Cr. 0294 (BTM) (the "Information") was filed against Millennium in the United States District Court for the Southern District of California (the "Criminal Action"), charging wire fraud and various counts of money laundering based upon the Millennium Fraud;

WHEREAS, in May 2004, Millennium, through the Receiver, entered a plea of guilty to the 13 counts of the Information and stipulated and acknowledged that at least $6.9 million of investor funds had been deposited into the Millennium Account;

WHEREAS, on May 13, 2004, the court in the Criminal Action entered a Judgment and Conviction Order against Millennium, ordering Millennium to make restitution to victims in the amount of $6,900,000, and to forfeit all of its right, title and interest in the Millennium Account;

WHEREAS, on April 5, 2005, the court in the Criminal Action entered a Final Order of Criminal Forfeiture against Millennium, ordering that the funds in the Millennium Account be forfeited to the Government;

WHEREAS, by order dated June 30, 2006, the Nevis Court

denied a petition by the DPP to have Millennium's fund forfeited and lifted the freeze on the Millennium Account that had been entered on or about May 16, 2002;

WHEREAS, Ian Scott ("Scott"), who claimed to be a representative of Millennium, filed an action in St. Kitts/Nevis, Millennium Financial Ltd. v. Bank of Nevis Int'l Ltd., Claim No. NEVHCV20008/0020 (St. Christopher & Nevis) (the "St. Kitts/Nevis Action"), seeking to obtain for himself the funds held by BONI on behalf of Millennium;

WHEREAS, on July 21, 2006, upon Scott's application, the Nevis Court directed that BONI transfer to Millennium the funds in the Millennium Account, and provided notice that contempt proceedings may be commenced against BONI if it failed to comply with the terms of the order;

WHEREAS, on July 25, 2006, BONI issued a check in the requisite amount, made payable to Millennium, and delivered the check to Scott's local counsel;

WHEREAS, the check was never negotiated and was returned to BONI;

WHEREAS, on August 6, 2006, the Receiver made an ex parte application in the SEC Civil Enforcement Action for an order directing BONI to transfer to the Receiver $1,165,000 from

what had been the Millennium Account, and further directing that ABN AMBRO, which had been one of BON's correspondent banks in the United States, make the same transfer of funds, from BON's own account at that bank, in the event BONI did not make that transfer from what had been the Millennium Account;

WHEREAS, by Order dated August 7, 2006, the Court granted the Receiver's ex parte application;

WHEREAS, on August 8, 2006, after learning of the Interbank Account at Bank of America, the Receiver made a second ex parte application to the Court, this time to direct that Bank of America transfer to the receivership the funds in the Interbank Account in the event BONI did not transfer the funds from what had been the Millennium Account;

WHEREAS, by Order dated August 8, 2006, the Court granted the Receiver's second ex parte application;

WHEREAS, in mid-August 2006, in response to the August 8 Order, Bank of America transferred to the Receiver $1,165,000 from the Interbank Account;

WHEREAS, the Receiver represented to the United States Attorney's Office for the Southern District of New York that, because the Government was seeking to forfeit the defendant *in*

*rem*, he would return to Bank of America the monies received from the Interbank Account;

WHEREAS, on July 23, 2008 the Court in this action issued an anticipatory arrest warrant *in rem* for the defendant *in rem*, directing the Federal Bureau of Investigation ("FBI") or any other federal law enforcement officer to arrest the defendant *in rem* after the Receiver returned to Bank of America the monies received from Bank of America, from the Interbank Account, pursuant to the August 7 and 8, 2006 Orders in the SEC Civil Enforcement Action;

WHEREAS, in early August 2008, the FBI executed the arrest warrant *in rem* and seized approximately $1,249,055.61 (the "Defendant Funds") from the Interbank Account (composed of $1,165,000 principal plus $84,055.61 interest earned);

WHEREAS, the United States Marshals Service ("USMS") is maintaining custody of the Defendant Funds in an interest-bearing account;

WHEREAS, on or about July 29, 2008, BONI filed a claim contesting forfeiture of the defendant *in rem*;

WHEREAS on or about November 20, 2008, BON filed a claim contesting forfeiture of the defendant *in rem*;

WHEREAS, by Order dated November 28, 2008, the court

in the St. Kitts/Nevis Action recognized, and gave full effect to, the Receiver Order appointing Thomas W. McNamara as the Receiver for Millennium, and subsequently denied Scott's application to stay enforcement of the November 28, 2008 Order pending his appeal from that Order;

WHEREAS, although Scott later applied to the Court of Appeals in St. Kitts/Nevis to stay enforcement of the November 28, 2008 Order, he withdrew his application on January 19, 2009;

WHEREAS, as a result of BONI's representation that it will transfer to the Millennium Receivership Account the funds that it holds on behalf of Millennium, the Government has agreed to return the Defendant Funds, plus interest that has accrued thereon, to BON;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED, by and between the Government, by and through Lev L. Dassin, Acting United States Attorney for the Southern District of New York, by and through Assistant United States Attorney Anna E. Arreola, on the one hand, and claimants BON and BONI ("Claimants"), on the other, as follows:

1. Within ten (10) days after this Stipulation and Order has been signed by the Court, BONI shall transfer the funds, in the amount of $1,313,765.97, held on behalf of

Millennium to the Millennium Receivership Account, by wire transfer based upon instructions to be provided by the Receiver. Upon the Receivership's receipt of those funds, the Receiver or his counsel shall immediately, and in all events no later than the following business day, provide written notice, by email or facsimile, to the United States Attorney's Office for the Southern District of New York ("USAO-SDNY") (with a copy to BONI's counsel by email or facsimile) confirming that the Receivership has received the funds. Upon receipt of such notice, the USAO-SDNY shall promptly notify the USMS, thereby triggering the 15-business day period referred to in paragraph 2 below.

2. Within (15) business days of receiving the written confirmation referred to in paragraph 1 above, the USMS shall deliver the Defendant Funds (i.e., $1,249,055.61), plus all interest that will have accrued thereon, from the date that the funds were deposited into the Seized Asset Deposit Fund (i.e., August 8, 2008), up to the time the check is issued, by issuing two checks as follows: (1) one check in the amount of $1,165,000 plus all interest accrued thereon, made payable to "The Bank of Nevis Limited" and mailed by Federal Express to Bank of America, 100 SE 2nd Street, Miami, Florida 33131,

attention: Francisco A. Ortega, Vice President, Treasury Services, and (2) one check in the amount of $84,055.61 plus all interest accrued thereon, made payable to Levi Lubarsky & Feigenbaum LLP Trust Account and mailed by Federal Express to Levi Lubarsky & Feigenbaum LLP, Attn: Steven B. Feigenbaum, 1185 Avenue of the Americas, 17th Floor, New York, New York 10036.

3. Subject to the payment to BON required in paragraph 2 above, Claimants are hereby barred from asserting, or assisting others in asserting, any claim against the Government or any of its agents and employees (including but not limited to the Department of Justice ("DOJ"), the USAO-SDNY, and the USMS, in connection with or arising out of the seizure, restraint, and/or constructive possession of the Defendant Funds, including, but not limited to, any claim that there was no probable cause to seize and/or forfeit the Defendant Funds, that Claimants are prevailing parties, or that Claimants are entitled to attorney's fees or any award of interest.

4. Subject to the payment by BONI required in paragraph 1 above, the USAO-SDNY and the Asset Forfeiture & Money Laundering Section ("AFMLS") of the Department of Justice, are hereby barred from asserting, or assisting others in asserting, any civil forfeiture claim against the Defendant

Funds.

5. Claimants represent that they are the sole owners of the Defendant Funds and agree to hold harmless the Government and its agents and employees (including but not limited to the DOJ, the USAO-SDNY, the USMS, and the FBI), from any and all claims in connection with or arising out of the seizure, restraint, and/or constructive possession of the Defendant Funds, including but not limited to any third-party claims of ownership of the Defendant Funds.

6. The individuals signing this Stipulation on behalf of the Government and Claimants represent and warrant that they are authorized by the Government and Claimants, respectively, to do so.

7. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Fax or PDF copies shall be treated as originals.

8. This Stipulation and Order shall in no way be deemed an admission of culpability, liability, or guilt by or on behalf of Claimants, the Government or any of their respective agents, officers or employees, past and present. Further, this

Stipulation and Order shall in no way constitute any reflection upon the merits of the claim and defenses asserted respectively by the Government and Claimants.

9. The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order

10. Each party shall bear its own costs and attorney's fees.

11. This action is hereby dismissed with prejudice.

Agreed and consented to:

LEV L. DASSIN
Acting United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: Anna E. Arreola 6-17-2009

ANNA E. ARREOLA DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212)637-2218

THE BANK OF NEVIS INTERNATIONAL LTD.
THE BANK OF NEVIS LTD.
Claimants

By: ______________________________

Aiandra E. Knights LL.B DATE
General Counsel and Corporate Secretary,
The Bank of Nevis International and
The Bank of Nevis Ltd.

The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED:

Loretta A. Preska

HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

June 19, 2009

Agreed and consented to:

LEV L. DASSIN
Acting United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: ______________________________
ANNA E. ARREOLA DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212)637-2218

THE BANK OF NEVIS INTERNATIONAL LTD.
THE BANK OF NEVIS LTD.
Claimants

By: ______________________________
Aiandra E. Knights LL.B DATE 18/6/09.
General Counsel and Corporate Secretary,
The Bank of Nevis International and
The Bank of Nevis Ltd.

SO ORDERED:

______________________________
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK